24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Efren BECERRA-FLORES, Defendant-Appellant.
 No. 93-50487.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 5, 1994.
 
 1
 Before: KOZINSKI and TROTT, Circuit Judges, and WILLIAMS,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 A. In light of the Supreme Court's recent decision in Victor v. Nebraska, 62 U.S.L.W. 4179 (U.S. Mar. 22, 1994), we find that the jury instruction given at Becerra-Flores's trial satisfied the requirements of due process.
 
 
 4
 Victor held that due process does not require trial courts to define reasonable doubt as "a matter of course." Id. at 4180. Instead, "taken as a whole, the instructions [must] correctly convey the concept of reasonable doubt to the jury." Id. (quoting Holland v. United States, 348 U.S. 121, 140 (1954)) (alteration in original).
 
 
 5
 As the Court found that the instructions in Victor conveyed this concept correctly, we must do likewise here. In fact, Victor is a harder case because the instruction there at issue used the cryptic phrase "moral certainty." The district court here defined reasonable doubt as "a doubt based on reason and common sense," GER 235, a phrase that--unlike "moral certainty"--is not particularly ambiguous.
 
 
 6
 B. The district court correctly declined to give either the "mere presence" or "mere proximity" instruction. "If the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is unnecessary." United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992).
 
 
 7
 But unlike in Negrete-Gonzales--the case on which Becerra-Flores bases his claim--the government here relied on more than Becerra-Flores's presence at the crime. As he himself admitted, approximately 1 kilogram of cocaine was strapped to his body. GER 98, 142. He was also carrying 20 grams in his pocket. GER 86-87, 98. This evidence goes well beyond mere presence.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Spencer M. Williams, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3